

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 28, 2025**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| BLUE DUCK ENERGY, LTD., | § | Case No.: 24-20224-rlj11 |
| | § | |
| Debtor. | § | |
| | § | |
| JetTexas Oil, LLC and Garrett Johnson, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 24-02006 |
| | § | |
| Stewart Hoge, James Kondziela, Hoge & Gameros, LLP, Blue Duck Energy, Ltd., Indian Territory Holdings, LLC, Seth Wadley, Wadley Family Investments, LLC, Purple Dog Investments, LLC, Blue Duck GP, LLC, and Stewart B. Hoge, PC, | § § § § § § § | |
| | § | |
| Defendants. | § | |

1

**MEMORANDUM OPINION**

The Court considers the Motion to Bifurcate and Enter Scheduling Order on Ownership Claims filed by plaintiffs JetTexas Oil, LLC and Garrett Johnson (collectively, "JetTexas"). ECF No. 25.[1] The motion is opposed by defendants[2] Stewart Hoge, Hoge & Gameros, LLP, Indian Territory Holdings, LLC, Seth Wadley, Wadley Family Investments, LLC, Purple Dog Investments, LLC, and Stewart B. Hoge, PC (collectively, the "Hoge and Wadley Parties"). ECF No. 28. Hearing was held on December 17, 2024.

The Court has jurisdiction of the motion under 28 U.S.C. § 1334(b). The parties consent to the Court's determination of the issues raised by the motion. As explained below, the Court denies JetTexas's request for bifurcation.

**I.**

On August 14, 2024, Blue Duck Energy, Ltd. ("Debtor") filed for chapter 11 bankruptcy. This adversary proceeding was initiated by the Debtor's removal of the pending state court action under which JetTexas had sued Debtor and the other named defendants in the District Court of the 192nd Judicial District of Dallas County, Texas. JetTexas Oil is an LLC owned and controlled by Garrett Johnson. Upon the removal to the Court, JetTexas filed its statement that it did not consent to the Court entering final orders or conducting a jury trial. *See* JetTexas's Rule 9027(e) Statement ¶¶ 1–2 [ECF No. 20].[3]

On October 31, 2024, the Court, after hearing on motion of JetTexas, ordered the appointment of a chapter 11 trustee in the bankruptcy case. Although JetTexas made a jury

---

[1] "ECF No." refers to the numbered docket entry in the Court's case file for Adversary No. 24-02006, unless otherwise indicated.
[2] Defendants Blue Duck Energy, Ltd., James Kondziela, and Blue Duck GP, LLC did not respond to the motion and did not appear at the hearing on the motion.
[3] JetTexas stated in its Rule 9027(e) statement that it does not waive the right to amend its statement, which was filed on August 28, 2024, shortly after the Debtor filed for bankruptcy. *See* JetTexas's Rule 9027(e) Statement ¶ 3 [ECF No. 20].

2

demand in state court as to the claims at issue in the removed action,[4] it now asks this Court to determine the "ownership issues" concerning the Debtor. It argues that the Court should bifurcate the "ownership issues" and decide those prior to taking up the balance of the causes of action. JetTexas asserts that it is at least a 50 percent owner of the Debtor, if not sole owner. *See* JetTexas's Designation ¶ 3 [ECF No. 40].

In support of its motion here, JetTexas argues that, regardless of consent, the ownership issue is a core matter; thus no jury right exists and the Court has authority to hear and decide it.

The Hoge and Wadley Parties argue the causes of action should *not* be bifurcated; they state that *all* claims should be tried before the District Court. This stance is a reversal of defendants' earlier position that the ownership issue could and *should* be tried separately before the Court.[5] Counsel for the Hoge and Wadley Parties indicated at the December 17, 2024 hearing that they now assert a jury trial right.

At the conclusion of the December 17, 2024 hearing, the Court ordered the parties to file a designation specifying, from the Third Amended Petition as removed to the Court, the causes of action and particular factual allegations that concern the "ownership issue." Order [ECF No. 36]. JetTexas identified its causes of action for fraud and for declaratory judgment; it identified the alleged facts from specified paragraphs of the petition. *See* JetTexas's Designation ¶ 1 & Ex. A [ECF No. 40]. The chapter 11 trustee filed a short, albeit unhelpful, response in favor of bifurcation, pointing out that resolving the ownership issue is a "threshold issue for the estate's potential avoidance claims." *See* Trustee's Comment ¶ 8 [ECF No. 42].

---

[4] Plaintiffs' Demand for Jury Trial, Ex. 1-304 [ECF No. 15].
[5] At the hearing to determine appointing a chapter 11 trustee, defendants stated they believed the ownership issue to be the center of this dispute, and it should be decided first; they were therefore in favor of bifurcation. The Hoge and Wadley Parties' Rule 9027(e) statement, filed shortly after the suit was removed to the bankruptcy court, consented to the bankruptcy court and stated the removed action is a core proceeding or, alternatively, a related-to proceeding. *See* Hoge and Wadley Parties' Rule 9027(e) Statement ¶¶ 4–5 [Case No. 24-20224, ECF No. 27].

3

The Hoge and Wadley Parties ignored the Court's directive under the order. On the question of whether the Court should separate the ownership issue from the balance of the causes, they argue that none of the claims should be bifurcated and separately tried. They contend the identified ownership issues are so factually intertwined with all other claims that separating out the two causes designated by JetTexas will only serve to complicate the litigation and increase costs. The Hoge and Wadley Parties argue that JetTexas's jury demand in the state court action carries forward here; they *now* decline consent to the Court, as a bankruptcy court, conducting a jury trial or entering final orders or judgments in this adversary proceeding. *See* Hoge et al.'s Statement on Bifurcation ¶¶ 37–38 [ECF No. 41].[6]

## II.

JetTexas asks for a "bifurcation" of the causes under Federal Rule of Civil Procedure 42(b), which allows parties to move for a separate trial on specific issues. *See In re Tomlin*, No. 01-3458, 2002 WL 32136199, at *1 (Bankr. N.D. Tex. Nov. 18, 2002) (quoting *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993)) ("It is common for parties to refer to motions for separate trial as motions for severance, however, 'motions for severance [under Rule 21] and motions for separate trial [under Rule 42] are distinct and … trials [under Rule 42(b)] will usually result in one judgment.'").

Rule 42(b) states:

---

[6] It is worth noting that in the Hoge and Wadley Parties' Statement on Bifurcation, they do not outright state that they are demanding or wanting a jury trial. The only reference to their desire for a jury trial is the statement: "allow the parties to fully and fairly litigate all of their claims before one jury, that <u>all of the parties</u> have demanded," which seems to refer to the statements at the December hearing. Hoge et al.'s Statement on Bifurcation ¶ 3 [ECF No. 41] (emphasis added). Instead, it seems that the Hoge and Wadley Parties are saying there will be two jury trials in the District Court because of JetTexas having requested a jury trial in state court, and per JetTexas's Rule 9027(e) statement. *See* Hoge et al.'s Statement on Bifurcation ¶¶ 36–38 [ECF No. 41]. Additionally, the Hoge and Wadley Parties' own Rule 9027(e) statement **does** consent to the bankruptcy court and states that the Removed Action is a **core proceeding**, or, alternatively, a related-to proceeding. *See* Hoge and Wadley Parties' Rule 9027(e) Statement ¶¶ 4–5 [Case No. 24-20224, ECF No. 27]. In their pleadings, the Hoge and Wadley Parties do not contest that the ownership issue constitutes a core proceeding.

4

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).[7] This allows courts to "order separate trials to expedite and economize, for convenience, or to avoid prejudice." *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 773–74 (5th Cir. 2009). Whether to conduct separate trials under the Rule is "a matter left to the sound discretion of the trial court on the basis of circumstances of the litigation before it." *Id.*; *see also In re 1960 Fam. Prac., P.A.*, 652 B.R. 154, 175 (Bankr. S.D. Tex. 2023).

When determining if the bifurcation of claims under Rule 42(b) is appropriate, courts consider whether bifurcation will promote judicial economy and whether the parties will suffer prejudice if the claims are separated. *See In re Tomlin*, 2002 WL 32136199, at *3; *In re Blackwell ex rel. Est. of I.G. Servs., Ltd.*, 267 B.R. 724, 731 (Bankr. W.D. Tex. 2001). Jury confusion and the potential for different jury decisions on the same facts weigh in favor of *not* separating claims; however, courts have allowed a Rule 42(b) separation even with the potential for jury confusion if there is minimal prejudice to the defendant. *See Alaniz*, 591 F.3d at 773–74; *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995).

Courts have not allowed bifurcation where the movant fails to show how the separation would expedite or economize the proceeding, or where the factual findings for the issue at hand are not easily segregated and are dependent on additional factual findings regarding other defendants or claims. *See In re 1960*, 652 B.R. at 175–76 ("the Court additionally notes that it is unpersuaded by Trustee's tentative suggestion that she may or may not pursue the other defendants depending on the outcome of claims pending against Le. Even if the claims could reasonably be bifurcated in this case, the Court would need to know definitively what Trustee's

---

[7] Rule 42 is applicable to adversary proceedings pursuant to Rule 7042 of the Federal Rules of Bankruptcy Procedure.

5

intentions are with respect to the other claims to assess whether judicial economy would have been promoted through bifurcation and abatement."); *see also In re Blackwell ex rel. Est. of I.G. Servs., Ltd.*, 267 B.R. 724, 731 (Bankr. W.D. Tex. 2001) ("Although some of the issues in the adversary proceeding do not necessarily fall within the ambit of the Seventh Amendment, those that do are sufficiently intertwined as a factual matter that bifurcation would be costly and counterproductive.").

The Fifth Circuit has emphasized that Rule 42(b) motions should "not [be] the usual course that should be followed[, as] … 'the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice.'" *Tomlin*, 2002 WL 32136199, at *2 (quoting *McDaniel*, 987 F.2d at 304–05) ("If the issue to be separated is not so distinct, but involves the 'same factual and legal elements, the[n] verdicts rendered by … [competing] juries could be inconsistent, producing intolerably anomalous results[,]' results prohibited by the Seventh Amendment's inherent right 'to have only one jury pass on a common issue of fact.'"); *see also Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 423 (5th Cir. 1998) ("When claims involving both legal and equitable rights are properly joined in a single case, the Seventh Amendment requires that all factual issues common to these claims be submitted to a jury for decision on the legal claims before final court determination of the equitable claims.").

Courts have allowed bifurcation when the separation would "enhance the efficiency of the remaining trial issues and subsequent trial preparation, and have the potential of saving many days if not weeks of trial time." *Tomlin*, 2002 WL 32136199, at *3. The court in *Tomlin* determined that separately deciding a property-of-the-estate issue would not only promote judicial economy but would not prejudice the parties because "the concern over having two juries pass on the same issue would not be present" in that case. *Id.* ("[A]ny doubt as to whether

6

a prior determination of facts related to the Property of the Estate Issue might somehow threaten a defendant's right to a jury trial on other claims has been eliminated by the Trustee's commitment to dismiss Judy Tomlin as a defendant with respect to all his claims for damages, in the event of a prior determination of the Property of the Estate Issue without a jury."). Even when there is the "potential for jury confusion," Rule 42(b) separation has been upheld where such prejudice "was outweighed by considerations of judicial economy." *Alaniz*, 591 F.3d at 773–74 (discussing "allegations of continuous sex discrimination involving the same *modus operandi*. Further, [the] claims [were] based on a similar series of transactions that were committed by the same defendant over a relatively short time span. Accordingly, each Appellee's claim and evidence presented was relevant to the others' allegations, while prejudice to the defendant, if any, was minimal.").

### III.

The Court concludes that bifurcation is not appropriate here. JetTexas designates the ownership issues as: (1) the fraud claim against Stewart Hoge and Indian Territory Holdings, LLC, and (2) its request for declaratory judgment that Seth Wadley, Wadley Family Investments, LLC, and Purple Dog Investments, LLC (the Wadley parties) do not own any of JetTexas's interests in the Blue Duck entities. *See* JetTexas's Third Am. Pet. ¶¶ 51–56, 137–139 [ECF No. 40-1, Ex. A]. In reviewing the relevant factors:

***Would this promote judicial economy?***

Bifurcation here would not promote judicial economy. JetTexas argues that the ownership issue is the core, threshold question to be decided, and thus it is appropriate to separate and decide the two causes it submits raise the issue.[8] The chapter 11 trustee agrees with

---

[8] In its Designation on the bifurcation issue, JetTexas does not state why separating these issues would be appropriate or address the factors of bifurcation.

7

JetTexas that the ownership issue is a threshold issue that must be decided and may have the effect of resolving other claims (such as potential avoidance claims by the estate).

In contrast, the Hoge and Wadley Parties argue that bifurcating these claims would lead to "double the trial time, double the witness testimony and double the introduction of evidence; all of which will be unnecessarily repetitive." Hoge et al.'s Statement on Bifurcation ¶ 4 [ECF No. 41]. The Hoge and Wadley Parties further argue that if the first litigation is appealed, this will delay the later litigation; there is a chance for inconsistent findings and rulings; and the later litigation will require the same witnesses and same evidence. *Id*. ¶ 5. This argument is misplaced. Separate trials under Rule 42(b) create a single final judgment; judgment resulting from a separate trial is not an appealable final judgment. *See Reid v. Gen. Motors Corp.*, 240 F.R.D. 260, 263 (E.D. Tex. 2007); *see also United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983) (discussing "the difference between ordering separate trials under Rule 42(b), which does not result in discrete, independent suits, and severance under Rule 21, which does"); Fed. R. Bankr. P. 7042(b).

The Hoge and Wadley Parties specifically point to other claims and remedies of the removed action that they believe are too entwined with the ownership debate to exclude. These include the breach of contract claim (concerning repayment of initial capital contributions); the usurious interest claim (premised on an identified Bill of Sale being a loan agreement and how this affected the Debtor's ownership structure); the fraudulent inducement claim (concerning the Bill of Sale and its purported effect on JetTexas's ownership interest in the Debtor); the conspiracy to commit fraud claim (as relating to entering into the Bill of Sale, and how that affects the ownership interests); aiding and abetting the breach of fiduciary duties (in regards to how the Bill of Sale was drafted to transfer JetTexas's ownership interest); the conversion claim

8

(entwined with who had the rights to exercise control over Debtor's proceeds); the requested constructive trust (premised on the parties being joint partners in the Debtor); the request for an accounting (premised on the parties being joint partners in the Debtor); etc. *See* Hoge et al.'s Statement on Bifurcation [ECF No. 41].

JetTexas alleges seventeen causes of action. To support its request for bifurcation for a separate trial on the ownership issue, JetTexas identifies two causes, its fraud claim against Hoge and Indian Territory, and its request for a declaratory judgment as to defendants Seth Wadley, Wadley Family Investments, LLC, and Purple Dog Investments, LLC. The defendants *not* included within the two set-aside causes are Hoge's son-in-law James Kondziela, Hoge's two law-practice-related entities—Hoge & Gameros, LLP and Stewart B. Hoge, PC—the debtor, Blue Duck Energy, Ltd., and Blue Duck GP, LLC. The identified factual allegations account for the vast majority (greater than two-thirds counting by numbered paragraphs) of the substantive factual allegations of the petition. The Court finds no economy in a separate trial on just two of the seventeen causes of action. The few factual allegations that are *not* included by JetTexas concern James Kondziela, Hoge's sale of the "MSWE Interests" and Hoge's offset of alleged unearned legal fees. The Court fails to understand how these causes would require extensive trial time.

Due to the overlap of evidence and subject matter, separating out the two causes identified by JetTexas would be neither time saving nor efficient. The majority of the alleged causes of action and remedies are intertwined and affect, or are affected by, the ownership debate. The Court fails to understand how two separate trials, with overlapping issues and evidence, would promote judicial economy. It would, instead, serve to increase costs and to prolong the litigation.

***Would this prejudice any party?***

Bifurcation of JetTexas's specified ownership issues does not prejudice JetTexas. JetTexas is the party making the request. The Hoge and Wadley Parties would not be prejudiced per se by splitting the litigation, other than the costs and delays associated with doing so.

***Would this cause potential jury confusion?***

It is presently unclear where the parties stand on a possible jury trial. JetTexas has made a jury demand;[9] the Hoge and Wadley Parties have not, though counsel has indicated they *now* want a jury trial before the District Court. Despite this, they have not filed a motion to withdraw the reference; and the parties do not consent to the Court, as a bankruptcy court, conducting a jury trial. And, indeed, the Court has no interest and minimal experience conducting a jury trial. Suffice it to say, however, that if the causes here are tried separately before two juries, the potential for confusion from two separate jury verdicts on two related actions is certainly possible. This factor does not favor separate trials.

### IV.

The Court finds no compelling reason to bifurcate the two designated issues highlighted by JetTexas. The majority of the allegations should be considered at the same time due to the overlap in evidence and subject matter. Bifurcation of these claims does not promote judicial economy or serve the interests of the bankruptcy case. Two trials will increase costs and further delay a final resolution of the many issues raised by this action.

### End of Memorandum Opinion ###

---

[9] Plaintiffs' Demand for Jury Trial, Ex. 1-304 [ECF No. 15].