Adam M. Back (*pro hac vice* motion forthcoming)
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1801
(859) 231-3000
adam.back@skofirm.com

Benjamin H. Davidson, II
State Bar No. 05430590
MCCLESKEY, HARRIGER, BRAZILL & GRAF, L.L.P.
5010 University Ave, 5th Floor
Lubbock, Texas 79413
(806) 796-7306
bdavidson@mhbg.com

**Counsel for Stanley Ayers and Garwood Cattle Company, LLC**

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHEN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| MCCLAIN FEED YARD, INC., *et al.* [1] | : | CASE NO. 23-20084-SWE |
| | : | |
| DEBTORS | : | JOINTLY ADMINISTERED |
| | : | |
| KENT RIES, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF MCCLAIN FEED YARD, INC., MCCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC. | : | ADV. PRO. NO. 25-02003-SWE |
| PLAINTIFF | : | Honorable Scott W. Everett |
| v. | : | |
| ANGELA ROBINSON, *et al.* | : | |
| DEFENDANTS | : | |

## BRIEF IN SUPPORT OF THE MOTION TO DISMISS FILED BY STANLEY AYERS AND GARWOOD CATTLE COMPANY, LLC

Defendants Stanley Ayers ("Ayers") and Garwood Cattle Company, LLC ("Garwood") (collectively, "Movants"), each by and through undersigned counsel, file this brief ("Brief") in

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

1

support of their Motion to Dismiss (the "Motion") *the First Amended Complaint for (1) Avoidance and Recovery of Preferences and Fraudulent Transfers, (2) Disallowance and Subordination of Claims, and (3) Other Relief* [ECF 9] ("Amended Complaint") filed by Kent Ries, Chapter 7 Trustee for the Bankruptcy Estates of McClain Feed Yard, Inc., McClain Farms, Inc. and 7M Cattle Feeders, Inc. ("Trustee" or "Plaintiff").

## Background

1. Debtors McClain Feed Yard, Inc. ("Feed Yard"); McClain Farms, Inc. ("Farms"); and 7M Cattle Feeders, Inc. ("7M" and collectively with Feed Yard and Farms, "Debtors") each filed a voluntary petition for bankruptcy relief on April 28, 2023.

2. Neither Ayers nor Garwood have filed a proof of claim in or entered an appearance in any of the Debtors' bankruptcy cases.[2]

3. The Trustee filed his *Original Complaint for (1) Avoidance and Recovery of Preferences and Fraudulent Transfers, (2) Disallowance and Subordination of Claims, and (3) Other Relief* [ECF 1] ("Original Complaint") in this adversary proceeding on March 2, 2025.

4. Both Ayers and Garwood Cattle were named defendants in the Original Complaint.

5. On April 25, 2025, the Trustee filed the Amended Complaint, again naming Ayers and Garwood Cattle as defendants.

6. The Amended Complaint asserts one claim against Ayers—Count 3: Preference Claims – Investors.

---

[2] Movants reserve and do not waive their right to demand a jury trial if the Motion is not granted. Likewise, Movants reserve and do not waive the right to request abstention, withdrawal of the reference, and similar relief should this case go forward.

2

7. The Amended Complaint asserts one claim against Garwood—Count 5: Fraudulent Transfer Claims – Investors.

8. Summonses were issued on Ayers [ECF 35] and Garwood Cattle [ECF 32] on July 31, 2025, which is 151 days after the Original Complaint was filed.

9. Pursuant to Fed. R. Bankr. P. 7004(e) and the July 31, 2025 Order Regarding Trial Setting and Alternative Scheduling Order [ECF 29] ("Trial Order"), Trustee was required to serve the summonses, Amended Complaint, and the Trial Order within seven days of issuance of the summonses (*i.e.* August 7, 2025).

10. On August 15, 2025, counsel for Trustee filed certain declarations by Barry Bray of Delphi Legal Technologies, Inc. stating that service of the summons and the Amended Complaint was effectuated by mailing same via first-class, postage-prepaid U.S. Mail on August 7, 2025, which is 158 days after the Original Complaint was filed, to Ayers [ECF 60] and Garwood Cattle [ECF 57].

11. At no time did the Trustee move the Court for an extension of time to serve any party.

12. Neither Ayers nor Garwood Cattle entered an appearance in this adversary proceeding prior to the filing of this Motion.

13. Neither Ayers nor Garwood has been a party to any stipulation filed or agreed order entered in this adversary proceeding.

## Arguments and Authorities

### The Amended Complaint Should Be Dismissed As To The Movants Based On The Plaintiff's Failure To Serve Them Until 158 Days After Filing The Original Complaint.

**A. Service of Process.**

14. Fed. R. Bankr. P. 7004(a) specifically incorporates and makes applicable Fed. R. Civ. P. 4(c)(1) and (m) to adversary proceedings such as this. Fed. R. Civ. P. 4(c) governs service of a summons and complaint and provides that a "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(m) requires a summons and complaint to be served 90 days after the complaint is filed. The filing of an amended complaint does not extend the time for a plaintiff serve a party that was named in the original complaint. *See Bustinza v. Perez*, 213 WL 12400115, at fn. 38 (S.D. Tex. Jan. 22, 2013) (citations omitted); *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 859 (7th Cir. 2018) (holding that the filing of an amended complaint does not "restart the clock" as to existing defendants). Under Fed. R. Civ. P. 12(b)(4) and (5), incorporated here via Fed. R. Bankr. P. 7012, a defendant may file a motion to dismiss for insufficient service of process.

15. If a plaintiff fails to serve a defendant within 90 days of the filing of the complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed R. Civ. P. 4(m). Once a movant asserts improper service of process, the plaintiff has the burden of proving good cause for failure to comply with Rule 4(m). *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quotation omitted). If the plaintiff shows "good cause for the failure [to timely serve], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). To establish good cause under Fed. R. Civ. P. 4(m), the plaintiff must prove "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not

suffice." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Even if the defendant learns about the adversary proceeding or is actually served, the plaintiff must still demonstrate good cause for the failure to follow Rule 4(m). *Dalton v. Innov8Tive Nutrition, Inc.*, 2025 U.S. Dist. LEXIS 19435 at *8-9 (N.D. Tex. Feb. 4, 2025) (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d at 1305-06)). Good cause is generally only found in "exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Taylor v. Gentle*, 2025 Bankr. LEXIS 965 at *8 (S.D.N.Y. Apr. 17, 2025) (citations omitted).

16. Dismissal under Rule 4(m) is appropriate even if it is effectively with prejudice, although such dismissal must be considered "under a heightened standard." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013). "Dismissal with prejudice is appropriate only when there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff and (b) where lesser sanctions would not serve the best interests of justice." *Id.* at 512-13 (quotation omitted).[3] Further, before granting relief, the court usually must find one of these factors present: (1) delay caused by the plaintiff, (2) actual prejudice to the defendant, or (3) delay as a result of intentional conduct.[4] *Id.* at 514. Here, dismissal of the Amended Complaint would effectively be with prejudice as to the Movants because refiling would be time barred. 11 U.S.C. § 546(a).

---

[3] However, one recent opinion suggests that this test may not be relevant if a movant is seeking dismissal based solely on Fed. R. Civ. P. 4(m). *Robinson v. City of Lubbock Parks*, 2025 U.S. Dist. LEXIS 130014, at *7 (N.D. Tex. May 28, 2025) (citation omitted; magistrate judge recommendation adopted at 2025 U.S. Dist. LEXIS 17803 (N.D. Tex. July 8, 2025)).

[4] An "aggravating factor" is not always required. *Gartin v. Par Pharm. Cos.*, 289 Fed. App'x 688, 694 fn.5 (5th Cir. 2008) (citation omitted).

5

**B. Plaintiff Impermissibly Failed To Timely Serve Movants.**

17. As set forth above, the Original Complaint was filed on March 2, 2025. By application of Rule 4(m), service on the Movants was due no later than June 2, 2025.[5] The Trustee then filed his Amended Complaint on April 25, 2025, which is 3 days before the 11 U.S.C. § 546 deadline of April 28, 2025. Summonses were not issued until July 31, 2025, which is 151 days after the Original Complaint was filed. Those were not served on the Movants until August 7, 2025, the last day for service pursuant to the Trial Order and Fed. R. Bankr. P. 7004(e). Indisputably, 158 days—over 5 months—passed before the Trustee mailed the summonses, Amended Complaint, and Trial Order. Dismissal is warranted under Fed. R. Civ. P. 12(b)(4) and (5).

**C. There is No Good Cause.**

18. The Trustee cannot show good cause for an enlarged time to make service upon the Movants. Good cause must be, at a minimum, the equivalent of excusable neglect. When considering excusable neglect in connection with the Federal Rules of Civil Procedure and other rules, courts often make an equitable determination that looks to, *inter alia*, the length of the delay, the reason for the delay, what was in the reasonable control of the parties, and whether their actions were taken in good faith. *Pioneer Invest. Servs. Co. v. Brunswick Assocs. LP*, 507 U.S. 380, 395 (1993).

19. The Trustee completed service by a simple mailing. He had the Movant's addresses long before filing the Original Complaint. Movants have taken no action to hinder or delay service. As evidenced by the docket in this case, the Trustee did not seek an extension of time to complete service, which he easily could have done. He did not even obtain summonses until well after the

---

[5] Ninety days from March 2, 2025, was Saturday, May 31, 2025. Therefore, Movants submit that the actual service deadline was Monday, June 2, 2025.

Rule 4(m) deadline had passed. The Trustee, who is an attorney and represents himself in the Debtors' bankruptcy cases (Case No. 23-20084, ECF 11), is also represented in this adversary proceeding by two law firms. They knew that timely service was a critical and necessary step since they entered certain stipulations regarding waiver of service before the 90-day service deadline expired. *See, e.g.,* ECF 11 (filed on April 30, 2025) and ECF 12 (filed on May 2, 2025). The record shows (a) there is a significant delay well beyond what is permitted by the rules, (b) the Trustee's demonstrated knowledge of the rules, (c) his failure to seek relief from the Court for additional time to serve process, and (d) the number of sophisticated attorneys looking out for Trustee's interests. Thus, service effectuated by mailing was wholly in the Trustee's control, and no exceptional circumstances exist. The Trustee cannot meet his burden. There is no good cause to excuse his failure to comply with Rule 4(m).

### D.    Movants Are Entitled To The Requested Dismissal Under The Heightened Standard.

20.    Even under the heightened standard for dismissal, this Motion should be granted. There is a clear record of delay by the Trustee, and lesser sanctions would be insufficient to serve justice, which means "[t]he fair and proper administration of laws." BLACK'S LAW DICTIONARY (12th ed. 2024). The Trustee knew the service requirements but did not have summonses issued until five months after he filed the Original Complaint. Very little activity took place during that five-month period, and Trustee did not request more time to serve the Movants. A lesser sanction, such as a monetary sanction or conditional dismissal, would not uphold the fair and proper administration of laws that are dependent on consistent, enforceable rules.

21.    *Gartin v. Par Pharm. Cos.*, 289 Fed. App'x 688, 690 (5th Cir. 2008) is instructive. In *Gartin*, the plaintiffs failed to serve Par Pharmaceutical, Inc. within the time allotted under Rule 4(m). Upon the defendant's motion, the district court dismissed the action even though the statute

7

of limitations had run. *Id.* at 691. In affirming the decision, the Fifth Circuit noted the district court's basis for its ruling: (1) the delay of seven months was excessive,[6] (2) the Gartins did not move the court for an extension of time prior to expiration of the service deadline, and (3) the Gartins knew they had to serve Par Pharmaceutical, Inc. *Id.* at 692. When considering the dismissal under the higher standard, the Fifth Circuit viewed "a delay between filing and service as more likely to result in prejudice than a delay occurring after service." I*d.* at 693 (quoting *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006)). It reiterated a "delay between filing and service ordinarily is to be viewed more seriously than a delay of a like period of time occurring after service of process." *Id.* at 694 (quoting *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 478 (5th Cir. 1981)). The Gartins filed their complaint one day before the statute of limitations expired (which was approximately two years after their cause of action accrued) and waited seven months to serve Par Pharmaceutical, Inc. *Id.* at 694. The Fifth Circuit considered this to be an aggravating factor since the expiration of the statute of limitations means a defendant who has not been served would not expect to defend against such claims. *Id.* In sum, "Rule 4(m) must have some teeth if it is to avoid becoming a last-ditch, federal tolling mechanism for dilatory state tort claimants." *Id.* at 694-95.

22.     The Trustee filed the Original Complaint 57 days before the statute of limitations ran and filed the Amended Complaint 3 days before the limitations period ended. If the Court grants the Trustee additional time to serve the Movants, the practical effect would be to significantly extend the statutory deadline for the Trustee's bringing claims against the Movants and would deprive them of the finality to which they are entitled. The only appropriate remedy is to enforce—and uphold the integrity of—the rule that was blatantly violated.

---

[6] Notably, the version of Rule 4(m) in effect at the time *Gartin* was decided gave plaintiffs 120 days to serve defendants.

23. To the extent an aggravating factor is necessary, all three are present here. As noted above, the Trustee is also an attorney, and his decision not to diligently secure and serve the summonses is more directly his action than it would be if he were not also an active, licensed practitioner. Consistent with Fifth Circuit caselaw, the Movants are prejudiced by a delay between the filing of the complaint and service. Finally, the service delay can be nothing other than intentional conduct. Given certain stipulations filed in this case, the Trustee knew the requirement to timely serve the Movants, yet he intentionally did not get summonses issued before July 31, 2025. Whether it was a willful indifference to the rules or a tactical delay, his intention is irrelevant. The delay was entirely within Trustee's control. As such, the Amended Complaint should be dismissed as requested by the Movants.

WHEREFORE, Defendants Stanley Ayers and Garwood Cattle Company, LLC respectfully request that this Court dismiss the Amended Complaint as to them and grant them such other relief to which they are entitled.

Submitted: September 2, 2025

Respectfully submitted,

/s/ Adam M. Back
Adam M. Back
(*pro hac vice* motion forthcoming)
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky  40507-1801
(859) 231-3000
adam.back@skofirm.com

        Benjamin H. Davidson, II
        State Bar No. 05430590
        MCCLESKEY, HARRIGER, BRAZILL
        & GRAF, L.L.P.
        5010 University Ave, 5th Floor
        Lubbock, TX  79413
        (806) 796-7306
        bdavidson@mhbg.com

*Counsel for Defendants Stanley Ayers and Garwood Cattle Company, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 2nd day of September 2025, a true and correct copy of this Motion to Dismiss was served on all counsel of record through the Court's E-file system.

        */s/ Benjamin H. Davidson, II*
        Benjamin H. Davidson, II