**Lawrence J. Friedman**
State Bar No. 07469300
lfriedman@fflawoffice.com
**Seymour Roberts, Jr.**
State Bar No. 17019150
sroberts@fflawoffice.com
**W. Carter Boisvert**
Texas State Bar No. 24045519
cboisvert@fflawoffice.com
**FRIEDMAN & FEIGER, LLP**
Dominion Plaza West
17304 Preston Road, Suite 300
Dallas, Texas 75252
(972) 788-1400 (Telephone)
(972) 788-2667 (Telecopier)

**ATTORNEYS FOR THE HOGE
AND WADLEY PARTIES**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BLUE DUCK ENERGY, LTD. | § | CASE NO. 24-20224- BWO |
| CORPORATION, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| JETTEXAS OIL, LLC AND, | § | |
| GARRETT JOHNSON, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | |
| | § | ADV. NO. 24-02006- BWO |
| STEWART HOGE, JAMES KONDZIELA, | § | |
| HOGE & GAMEROS, LLP, BLUE DUCK | § | |
| ENERGY, LTD., INDIAN TERRITORY | § | |
| HOLDINGS, LLC, SETH WADLEY, | § | |
| AN INDIVIDUAL, WADLEY FAMILY | § | |
| INVESTMENTS, LLC, PURPLE DOG | § | |
| INVESTMENTS, LLC, | § | |
| BLUE DUCK GP, LLC, | § | |
| AND STEWART B. HOGE, PC, | § | |
| | § | |
| DEFENDANTS, | § | |
| | § | |

**EMERGENCY MOTION TO STRIKE THE PLAINTIFFS' MOTION AND BRIEF FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO RESPOND THERETO AND BRIEF IN SUPPORT – PAGE 1**

| | |
|---|---|
| V. | § |
| | § |
| BRANDI E. JOHNSON, AND | § |
| JACOB "JACK" ZEIGLER, | § |
| | § |
| THIRD PARTY DEFENDANTS. | § |

**EMERGENCY MOTION TO STRIKE THE PLAINTIFFS' MOTION AND BRIEF FOR PARTIAL SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO RESPOND THERETO, AND BRIEF IN SUPPORT**

**TO THE HONORABLE BRAD ODELL, UNITED STATES BANKRUPTY JUDGE:**

Stewart Hoge ("Hoge"), Hoge & Gameros, LLP ("H&G"), Indian Territory Holdings, LLC ("ITH"), Seth Wadley ("Wadley"), Wadley Family Investments, LLC ("WFI"), Purple Dog Investments, LLC ("Purple Dog"), and Stewart B. Hoge, PC ("Hoge PC" and, together with Hoge, H&G, ITH, Wadley, WFI and Purple Dog, the "Hoge and Wadley Parties" or, the "Defendants"), creditors and parties in interest in the above-captioned bankruptcy case (the "Bankruptcy Case") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code") of Blue Duck Energy, Ltd. (the "Debtor"), the debtor and debtor in possession herein, and Defendants in the above-captioned adversary proceeding (the "Adversary Proceeding") where the Plaintiffs are Garrett Johnson ("Johnson") and JetTexas Oil, LLC ("JetTexas" and, together with Johnson, the "Plaintiffs"), and where the third-party defendants are Brandi E. Johnson ("Brandi," who is Johnson's wife) and Jacob "Jack" Ziegler ("Ziegler," who is Johnson's cousin and, together with Brandi, the "Third-Party Defendants") and file this *Emergency Motion to Strike the Plaintiffs' Motion and Brief for Partial Summary Judgment or, alternatively, for an Extension of Time to Respond Thereto, and Brief in Support* (the "Emergency Motion"). In support of this Emergency Motion, the Hoge and Wadley Parties show this Court as follows:

## I. THE REASON FOR THE EMERGENCY

1. On December 5, 2025, this Court entered its *Order Granting Plaintiffs' and Trustee's Motions* [Adv.D.E. 202] (the "Order"), a copy of which is attached as **Exhibit A**. In the Order, this Court established certain deadlines for the Plaintiffs and the Trustee to file complaints and dispositive motions going forward. These deadlines included the following:

- **December 11, 2025.** This was the deadline for the Plaintiffs and the Trustee to file their complaints.[1]

- **January 12, 2026.** This is the deadline to file answers to any newly filed complaints.[2]

- **February 27, 2026.** This is the deadline to complete discovery on any new causes of action alleged in the newly filed complaints of the Plaintiffs and the Trustee, and to object to such discovery.[3]

- **March 15, 2026.** This is the deadline to file dispositive motions.[4]

2. In conjunction with the Order, on December 8, 2025, the Plaintiffs filed their *Original Complaint and Application for Temporary Restraining Order and Temporary Injunction* [Adv.D.E. 206] (the "Plaintiffs' Complaint") against the Defendants and James Kondziela.. By virtue of this Court's Order, the deadline to file an answer to the Plaintiffs' Complaint is January 12, 2026.[5]

3. On December 19, 2025, Plaintiffs filed a *Motion for Partial Summary Judgment on their Request for a Declaration that the Bill of Sale is Void Ab Initio, or in the Alternative, Void as a Matter of Law* [Adv.D.E. 212] and their *Brief in Support* [Adv.D.E. 213] *(*collectively, the "Plaintiffs' MSJ"*)*. By virtue of the 21-day response time under Local Bankruptcy Rule 7007-1(e), the response to the Plaintiffs' MSJ is due to be filed on January 9, 2026, **three days before** the Defendants' Answer is due to be filed as to the Plaintiffs' Complaint on January 12, 2026, under the

---

[1] Order, **Exhibit A** herein, p. 3.
[2] Order, **Exhibit A** herein, p. 3.
[3] Order, **Exhibit A** herein, p. 3.
[4] Order, **Exhibit A** herein, p. 3.

**EMERGENCY MOTION TO STRIKE THE PLAINTIFFS' MOTION AND BRIEF FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO RESPOND THERETO AND BRIEF IN SUPPORT – PAGE 3**

Order. The Plaintiffs set a hearing on their Plaintiffs' MSJ for January 14, 2026, two days after the Defendants' Answer is due to be filed as to the Plaintiffs' Complaint under the Order, as can be seen from the Plaintiffs' *Notice of Hearing* [Adv.D.E. 219], a copy of which is attached as **Exhibit B**. The Defendants intend to file a motion to dismiss the Plaintiffs' Complaint under Rules 12(b)(1) and 12(b)(6) and will have that pleading on file before the expiration of this Court's January 12, 2026 deadline under the Order.

## II.  RELIEF REQUESTED

4. The Plaintiffs filed their MSJ with a response deadline **before** this Court's deadline to file an answer to the Plaintiffs' Complaint under the Order. Consequently, the Plaintiffs' MSJ is premature and should be struck without prejudice by the Court for that reason. Alternatively, the Defendants seek an extension of time to file their response to the Plaintiffs' MSJ in accordance with how this Court rules on the Defendants' motion to dismiss the Plaintiffs' Complaint..

## III.  LEGAL POINTS AND AUTHORITIES

5. The Hoge and Wadley parties file this Emergency Motion because the Plaintiffs' MSJ is premature as it was filed and calls for a response under Local Bankruptcy Court Rule 7007-1(e) before the Defendants are required to file an answer to the Plaintiffs' Complaint. Federal courts are permitted to strike and dismiss a motion for summary judgment without prejudice if it is filed before any party answers.[6] Deferring the ruling on a motion for summary judgment filed before parties have answered is appropriate where the federal court finds that the motion is premature.[7] A court "...

---

[5] Answer, **Exhibit A** herein, p. 3.
[6] *Watkins v. Monroe*, No. 6:18CV347, 2019 WL 1869864, at *1 (E.D. Tex. Mar. 27, 2019), report and recommendation adopted, No. 6:18CV347, 2019 WL 1858100 (E.D. Tex. Apr. 25, 2019) (citing *Dowl v. Prince*, No. 11-0417, 2011 WL 2457684 (E.D. La. June 20, 2011), *Kuperman v. ICF, Int'l*, 2008 WL 647557, at *1 (E.D. La. Mar. 5, 2008) (Barbier, J.) (citing 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2717, at 298–99 (1998)), and *Wartsila v. Duke Capital, LLC*, 2007 WL 2274403 (S.D. Tex. Aug. 8, 2007)); *see also Rogers v. Mclane*, No. 5:22-CV-130-BQ, 2022 WL 17418978, at *2-3 (N.D. Tex Nov. 14, 2022).
[7] *Watkins*, 2019 WL 1869864, at *1 *(citing Matini v. Reliance Standard Life Ins. Co.*, 2005 WL 2739030 (E.D. Va. Oct. 24, 2005); *First Am. Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81, 87 (D.D.C. 1981)).

**EMERGENCY MOTION TO STRIKE THE PLAINTIFFS' MOTION AND BRIEF FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO RESPOND THERETO AND BRIEF IN SUPPORT – PAGE 4**

must not grant a summary judgment upon motion therefor[e] tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact."[8] In *Watkins v. Monroe*,[9] the plaintiff filed an amended complaint after an order of the Court. In his amended complaint, the plaintiff indicated he wanted to dismiss three of the five defendants, which the Court did. The Court then issued an Order to Answer and Scheduling Order. Subsequently, the remaining two defendants filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b). The plaintiff then filed a motion for summary judgment before the defendants had filed an answer and before they were procedurally required to file an answer. The motion was referred to the Magistrate Judge, who issued a Report and Recommendation concluding that the plaintiff's motion for summary judgment should be denied as premature, which the Court then adopted denying the motion for summary judgment as premature.[10]

6.  Here, Plaintiffs filed their Plaintiffs' Complaint on December 8, 2025, and their MSJ on December 19, 2025. The Defendants are not required to file an answer to the Plaintiffs' Complaint until January 12, 2025, which is three (3) days after their response deadline under Local Bankruptcy Rule 7007-1(e) to respond to the Plaintiffs MSJ, and the Defendants' MSJ response deadline is two days before the hearing on Plaintiffs' MSJ. Accordingly, the Plaintiff's MSJ is premature and should be struck or dismissed without prejudice as premature. Alternatively, the deadline for the Defendants to respond to the Plaintiff' MSJ should be extended in accordance with how this Court rules on the Defendants' motion to dismiss the Plaintiffs' Complaint.

---

[8] *Id.* (citing *Stuart Inv. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D. 277, 280 (D. Neb. 1951)).
[9] *Id.*
[10] *Id.*

**EMERGENCY MOTION TO STRIKE THE PLAINTIFFS' MOTION AND BRIEF FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO RESPOND THERETO AND BRIEF IN SUPPORT – PAGE 5**

## IV.  PRAYER

The Defendants pray that this Court grant this Motion as requested herein and award them such other and further relief, special or general, at law or in equity, as this Court may deem just and proper.

Respectfully submitted:

**FRIEDMAN & FEIGER, L.L.P.**

By: /s/ Seymour Roberts, Jr.
    **Lawrence J. Friedman**
    State Bar No. 07469300
    lfriedman@fflawoffice.com
    **Seymour Roberts, Jr.**
    State Bar No. 17019150
    sroberts@fflawoffice.com
    **W. Carter Boisvert**
    State Bar No. 24045519
    cboisvert@fflawoffice.com

Dominion Plaza West
17304 Preston Road, Suite 300
Dallas, Texas 75252
(972) 788-1400 (Telephone)
(972) 788-2667 (Telecopier

**ATTORNEYS FOR THE HOGE
AND WADLEY PARTIES**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he has conferred with counsel for Plaintiffs and Third-Party Defendants regarding the relief requested in this Motion and they are opposed to the Motion. The Motion is therefore submitted for the Court's resolution

/s/ Seymour Roberts, Jr.
Seymour Roberts, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of December 2025, a true and correct copy of the foregoing was served via this Court's ECF notification system.

/s/ Seymour Roberts, Jr.
Seymour Roberts, Jr.
