

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 12, 2026**

_____
**United States Bankruptcy Judge**

_____


UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BLUE DUCK ENERGY, LTD. | § | CASE NO. 24-20224-BWO |
| CORPORATION, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| JETTEXAS OIL, LLC, ET AL., | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | |
| | § | ADV. NO. 24-02006-BWO |
| STEWART HOGE, ET AL., | § | |
| | § | |
| DEFENDANTS, | § | |
| | § | |
| V. | § | |
| | § | |
| BRANDI E. JOHNSON, ET AL., | § | |
| | § | |
| THIRD PARTY DEFENDANTS. | § | |

_____

**ORDER REGARDING THE EMERGENCY MOTION TO STRIKE THE PLAINTIFFS' MOTION AND BRIEF FOR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR AN EXTENTION OF TIME TO RESPOND THERETO AND BRIEF IN SUPPOR THEREOF [ADV.D.E. 225] -- PAGE 1**
1143266

**ORDER REGARDING THE EMERGENCY MOTION TO STRIKE THE PLAINTIFFS'
MOTION AND BRIEF FOR PARTIAL SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, FOR AN EXTENTION OF TIME TO RESPOND
THERETO AND BRIEF IN SUPPORT [ADV.DE. 225]**

On January 5, 2026, there came on to be heard the *Emergency Motion to Strike the Plaintiffs' Motion and Brief For Partial Summary Judgment or, in the Alternative, For and Extension of Time to Respond Thereto, and Brief in Support* [Adv.D.E. 225] (the "Emergency Motion") that was filed by Stewart Hoge, Hoge & Gameros, LLP, Stewart B. Hoge, PC, Indian Territory Holdings, LLC. Seth Wadley, Wadley Family Investments, LLC and Purple Dog Investments, LLC (collectively, the "Movants") wherein the Movants sought an Order from this Court under which either: (1) the *Plaintiffs' Motion For Partial Summary Judgment On Their Request For a Declaration That the Bill of Sale is Void Ab Initio or, in the Alternative, Void as a Matter of Law* [Adv.D.E. 212] and *Brief in Support* [Adv.D.E. 213] (collectively the "Plaintiffs' MSJ Pleadings") that were filed by JetTexas Oil, LLC and Garrett Johnson (collectively, the "Plaintiffs") were struck without prejudice to being filed after the Defendants file their answers to the Plaintiffs' *Original Complaint and Application for Temporary Restraining Order and Temporary Injunction* [Adv.D.E. 206] (the "Plaintiffs' Complaint"), or (2) the Movants would not have to file their response to the Plaintiffs' MSJ Pleadings until twenty-one days after the Movants filed their answers to the Plaintiffs' Complaint, all as is more particularly described in the Emergency Motion. After consideration of the pleadings on file, the evidence introduced and the argument of counsel and for the reasons stated on the record, this Court finds that: this Court has jurisdiction over this matter under 28 U.S.C. § 1334; this is core

proceeding under 28 U.S.C. § 157(b)(2); venue is proper before this Court in this district under 28 U.S.C. §§ 1408 and 1408; notice of the Emergency Motion and the hearing on the Emergency Motion was appropriate and no other or further notice was necessary; and good cause existed to grant the relied ordered herein.

Therefore, it is ORDERED that:

1. The Emergency Motion is granted in part and denied in part as set forth herein.

2. The deadline for the Movants to respond to the Plaintiffs' MSJ Pleadings is January 16, 2026.

3. The deadline for the Plaintiffs to file a reply the Movants' response to the Plaintiffs' MSJ Pleadings is January 23, 2026.

4. The hearing on the Plaintiffs MSJ Pleadings is scheduled for 10:30 a.m. on January 29, 2026, in person at the United States Bankruptcy Court at the George Mahon Federal Building, 1205 Texas Avenue, Room 306, Lubbock, Texas 79401-4002.

5. The Court denies the request to strike the Motion For Summary Judgment and finds that the Motion For Summary Judgment is timely filed under Federal Rule of Civil Procedure 56.

6. All of the objections to the Emergency Order that are not otherwise dealt with herein are denied and overruled.

## ## ## END OF ORDER ### ### ###