HUDSON M. JOBE
JOBE LAW PLLC
6060 NORTH CENTRAL EXPRESSWAY,
SUITE 500
DALLAS, TEXAS 75206

ALAN DABDOUB
LYNN PINKER HURST & SCHWEGMANN LLP
2100 ROSS AVENUE, SUITE 2700
DALLAS, TEXAS 75201

SPECIAL COUNSEL TO THE TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| MCCLAIN FEED YARD, INC., et al., | § § § | CASE NO. 23-20084-SWE-7 |
| Debtors. | § | Jointly Administered |

## FEE APPLICATION COVER SHEET

**To the Honorable Scott W. Everett, Bankruptcy Judge:**

Third Interim Application for Compensation of Lynn Pinker Hurst & Schwegmann, LLP

**Capacity:** Special Counsel for Trustee    **Chapter:** 7

**Debtors**: McClain Feed Yard, Inc., McClain Farms, Inc., 7M Cattle Feeders, Inc.    **Case No.:** 23-20084-SWE-7

**Retainer Received**: $0.00    **Amount Previously Paid Pursuant to Hourly Fee Arrangement**: $204,156.40.00

**Amount Requested:**
**Fees**:     $23,127.50
**Expenses**: $555.94
**Other**:
**Total:**    $23,683.44

**Reductions:**
**25% to 50% of normal rates**

*/s/ Alan Dabdoub*          September 22, 2025
Alan Dabdoub              Date

HUDSON M. JOBE
JOBE LAW PLLC
6060 NORTH CENTRAL EXPRESSWAY,
SUITE 500
DALLAS, TEXAS 75206

ALAN DABDOUB
LYNN PINKER HURST & SCHWEGMANN LLP
2100 ROSS AVENUE, SUITE 2700
DALLAS, TEXAS 75201

SPECIAL COUNSEL TO THE TRUSTEE

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § § § § | CASE NO. 23-20084-SWE-7 |
| Debtors. | § | Jointly Administered |

### THIRD INTERIM APPLICATION FOR ALLOWANCE OF FEES AND EXPENSES OF LYNN PINKER HURST & SCHWEGMANN, LLP SPECIAL COUNSEL FOR CHAPTER 7 TRUSTEE

### NOTICE

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT COURTROOM 3, 14TH FLOOR, 1100 COMMERCE STREET, DALLAS, TEXAS, 75242 BEFORE CLOSE OF BUSINESS ON OCTOBER 14, 2025, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY**

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-SWE), McClain Farms, Inc. (Case No. 23-20085-SWE), and 7M Cattle Feeders, Inc. (Case No. 23-20086-SWE)

**ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

**TO THE HONORABLE SCOTT W. EVERETT, BANKRUPTCY JUDGE:**

Lynn Pinker Hurst & Schwegmann ("Lynn Pinker"), special counsel to Kent Ries, Trustee ("Trustee") of the referenced Chapter 7 bankruptcy cases the "Bankruptcy Cases"), files its Third Interim Application for Allowance of Fees and Expenses (the "Application"), and would respectfully show the Court as follows:

### I.  RELIEF REQUESTED

1. Prior to the Court granting the Trustee's application to retain Lynn Pinker as contingency counsel, Lynn Pinker was employed—with the Court's approval—as special counsel to the Trustee on an hourly basis. While almost all the invoices of that time period have been submitted to the Court for approval, one invoice with services rendered and expenses incurred in November 2024 remains.

2. The time period of this fee application is November 1, 2024 through November 30, 2024. By this Application, Lynn Pinker seeks approval of $23,127.50 in fees and $555.94 in expenses. This amount includes voluntary rate reductions, as shown in more detail below, in the range of 25% to approximately 50%, which equates to fee reductions of approximately $7,700 to $23,000 for the time period of November 1, 2024 through November 30, 2024.

### II. PROCEDURAL BACKGROUND

3. The Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on April 28, 2023 (the "Petition Date"). Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estate.

4. The Trustee had previously employed Hudson M. Jobe and the law firm of Quilling, Selander, Lownds, Winslett and Moser, P.C. ("QSLWM") as special counsel on an hourly basis to

assist the Trustee in various estate administrative tasks including investigating possible estate claims. In July 2024, following Mr. Jobe's departure from QSLWM and joining Jobe Law, the Trustee employed Jobe Law and Lynn Pinker on reduced-hourly rates for further investigation of estate claims through December 1, 2024, with the agreement and understanding that the Trustee and the law firms would discuss alternative fee arrangements for continued work including prosecution of claims.

5. On November 15, 2024, Lynn Pinker filed its First Interim Application for Allowance of Fees and Expenses (Dkt. No. 312), requesting the interim allowance of fees and expenses totaling $204,156.40 for the period July 12, 2024 through October 31, 2024. On December 18, 2024, this Court entered its Order Granting First Application for Allowance of Fees and Expenses for Lynn Pinker (Dkt. No. 323). The Trustee has paid Applicant the total amount of fees and expenses requested.

6. On December 12, 2024, the Trustee filed his Application to Retain Contingency Litigation Counsel Under 11 U.S.C. § 328(A) to retain Lynn Pinker and Jobe Law as contingency fee counsel on the basis that the Trustee intended pursue claims on behalf of the Debtors' estates. (Dkt. No. 316). The Court granted that Application on January 8, 2025 (Dkt. No. 325) (the "Retention Order").

7. On June 9, 2025, Lynn Pinker and Jobe Law filed their Application for Allowance of Contingency Fee on Settlement with Carr, Riggs & Ingram, L.L.C. (Dkt. 353), requesting the interim allowance and payment of their contingency fee from the settlement with Carr, Riggs & Ingram, L.L.C. in the amount of $1,526,000.00 (with $915,600 to Lynn Pinker and $610,400 to Jobe Law). On July 7, 2025, this Court entered its Order Granting the Application for Allowance

of Contingency Fee on Settlement for Lynn Pinker and Jobe Law (Dkt. 361). Carr, Riggs & Ingram, L.L.C. and the Trustee have paid the Applicants the total amount of fees requested.

8. While almost all the invoices of the time period prior to the Retention Order have been submitted to the Court for approval, one invoice with services rendered and expenses incurred in November 2024 remains.

### III. CASE STATUS

9. On March 14, 2025, the Trustee instituted Adversary Proceeding No. 25-02005-SWE (the "Adversary Proceeding"). The Trustee's allegations are extensively briefed in the Adversary Complaint (Adv. Dkt. No. 1), as well as the Trustee's Motion to Intervene and Motion to Enforce Automatic Stay filed in Adversary Proceeding No. 24-02007-SWE.

10. The November 2024 invoice Lynn Pinker seeks payment for in this Application relates to the time period prior to the filing of the suit when the Trustee was still investigating its claims and preparing its Adversary Proceeding Complaint.

### IV. ATTORNEYS' FEES AND EXPENSES

11. From November 1, 2024 to November 30, 2024, the Trustee incurred attorney's fees in the amount of $23,683.44 and $555.94 in expenses with respect to Lynn Pinker's representation.

12. Exhibit "A," which is attached hereto and incorporated herein by reference for all purposes, conveys the following information for the time period covered by this Application: (a) the number of hours worked by each attorney and staff member on a particular day; (b) the manner and type of work performed by each attorney and staff member; (c) the billing rate for each person rendering service in this matter; (d) the monetary value assigned to each task performed by a given attorney and/or staff member; and (e) the amount and description for all expenses for which Lynn Pinker seeks reimbursement.

13. All photocopies included in this Application were billed at $0.20 per page, and all other expenses were billed at the actual cost.

14. This is an interim application as Lynn Pinker's services are ongoing, albeit under a new contingency fee agreement (*See* Dkt. No. 325).

## V.  SUMMARY OF SERVICES RENDERED

15. All of Lynn Pinker's time fits into the category of **Investigation of Possible Estate Claims Assets.** The time in this category includes the considerable ongoing investigation and research generally into potential claims of the estate stemming from the Debtors' significant prepetition transactions and other transfers, which appear to constitute a massive Ponzi scheme. The time in this category includes the pursuit and processing of significant (and in some cases contested) discovery.

## VI.  *FIRST COLONIAL* FACTORS

16. In support of this request for allowance of compensation and reimbursement of expenses, Lynn Pinker respectfully directs this Court's attention to those factors generally considered by Bankruptcy Courts in awarding compensation to professionals for services performed in connection with the administration of a bankruptcy estate, as enumerated in 11 U.S.C. § 330 and developed by case law. Specifically, section 330 provides, *inter alia*, that the allowance of professional compensation should be based upon the time, nature, extent and value of the services rendered as well as consideration of the cost of comparable services rendered in a non-bankruptcy context. The controlling authority in the Fifth Circuit is *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977). In *First Colonial*, the U.S. Fifth Circuit Court of Appeals identified twelve factors to guide this Court's decision. Those factors as applied to the services rendered in this case by Lynn Pinker for the time period covered by this Application are addressed below.

(a)     **The Time and Labor Required.** Lynn Pinker respectfully refers the Court to Exhibit "A," which details the services performed by Lynn Pinker's attorneys and paralegals in this case. The time period covered by this Application spans one month (November 2024) within which a total of 69.2 hours of attorney and paralegal time has been expended. Lynn Pinker believes that all the services performed are compensable in that they represent actual and necessary services performed in representing the Trustee in this case.

(b)     **The Novelty and Difficulty of the Questions.** The tasks reflected in Exhibit "A" involved factual and legal questions that were of moderate difficulty.

(c)     **The Skill Requisite to Perform the Service.** Applicant's firm has attorneys, who are experienced in investigating the aforementioned categories of claims related to accounting negligence, fiduciary duty claims and banking. Due to their expertise and skill in these specialized areas, Applicant believes far more time would have been expended by less experienced personnel, with considerably less desirable results. Applicant's abilities in these areas are well known. It enables Applicant to represent the Trustee effectively and efficiently in this proceeding.

(d)     **The Preclusion of Other Employment Due to Acceptance of the Case.** The time requirements of this case have been significant, and Lynn Pinker has been precluded from devoting as much time to other matters as it would have had it not been for its services as counsel for the Trustee in this case.

(e)     **The Customary Fee.** As discussed above, the hourly rates sought herein are discounted from normal hourly rates. Applicant believes its normal rates and the

discounted rate for this file are commensurate (or lower) with the rates charged and approved in other bankruptcy proceedings pending in the Northern District of Texas

(f) **Whether the Fee is Fixed or Contingent.** Lynn Pinker's fee is fixed insofar as monies exist in the estate from which to pay such fees. Payment of Lynn Pinker's fees, however, is subject to Court approval and the requirements of the Bankruptcy Code and relevant case law.

(g) **Time Limitations Imposed by the Client or Other Circumstances.** The time requirements of this case have been significant.

(h) **The Amount Involved and the Results Obtained.** Applicant's work and effort in assisting the Trustee in this case has been both necessary and beneficial to the Debtors' estates and administration of the case. The Applicant's efforts and associated benefits to the Debtors' estates include the following:

- Analyzing voluminous documents to identify potential claims the Debtors' estates may have against professional firms and certain banks;

- Analyzing the claims and defenses that have been identified from Applicant's analysis of such documents;

- Recommending certain courses of action to the Trustee after assessing such claims and defenses; and

- Continuing preparation of the Adversary Proceeding Complaint based on the continued investigation of claims and defenses.

(i) **The Experience, Reputation and Ability of the Attorneys.** Applicant submits that its attorneys are respected for their ability to investigate, identify, and successfully pursue complex claims inside and outside of the bankruptcy context.

Applicant has been retained by trustees in bankruptcy proceedings and has received favorable comments from the Courts and other parties-in-interest.

(j) **The Undesirability of the Case.** The representation of the Trustee incident to this case has not been undesirable other than the delays and risks associated with payment of legal fees by a trustee in a Chapter 7 case, which has been fairly significant in this case.

(k) **The Nature and Length of the Professional Relationship with the Client.** Applicant did not represent the Trustee in these proceedings prior to being retained as counsel.

(l) **Award in Similar Cases.** Applicant believes that the fees requested in this case are less than or equal to those which have been awarded in similar cases pending in this District.

## VII. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Lynn Pinker requests that this Court enter an order approving Lynn Pinker's compensation of $23,127.50 in fees and $555.94 in expenses for the period of time from November 1, 2024 through November 30, 2024, and granting Lynn Pinker such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Dated: September 22, 2025          Respectfully submitted,

*/s/ Alan Dabdoub*
Alan Dabdoub
State Bar No. 24056836
adabdoub@lynnllp.com
**Lynn Pinker Hurst & Schwegmann LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

**SPECIAL COUNSEL FOR THE TRUSTEE**

1. CERTIFICATION OF PROFESSIONAL

The undersigned hereby certifies that (a) the undersigned is the professional designated by the Applicant with the responsibility in this case for compliance with the Guidelines for Compensation and Expense Reimbursement of Professionals dated Effective January 1, 2001 for the United States Bankruptcy Court for the Northern District of Texas; (b) the undersigned has read this Application; and (c) to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the guidelines, except as specifically noted in this Application;

*/s/ Alan Dabdoub*
Alan Dabdoub

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served concurrently with filing by ECF upon all persons who have filed ECF appearances in this case, including the Office of the United States Trustee.

*/s/ Alan Dabdoub*
Alan Dabdoub